**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kimberly CRAWFORD, Defendant–Appellant.**

No. 14–10205.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 21, 2015.*

Filed Jan. 27, 2015.

Nicholas Dana Dickinson, Assistant U.S., Michael Anthony Humphreys, Assistant U.S., Kishan Nair, Esquire, Assistant U.S., Patrick Michael Walsh, Assistant U.S., Office of the U.S. Attorney, Las Vegas, NV, Elizabeth Olson White, Esquire, Assistant U.S., Office of the U.S. Attorney, Reno, NV, for Plainiff–Appellee.

Alina Maria Shell, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Kimberly Crawford appeals from the district court's judgment and challenges the 11–month sentence imposed upon revo-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Crawford contends that the district court procedurally erred by failing to explain adequately its reasons for rejecting her sentencing arguments. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir.2006), and find none. The record reflects that the court considered Crawford's arguments and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008) (en banc).

Crawford next contends that her sentence is substantively unreasonable in light of her history of addiction and her rehabilitative efforts. The district court did not abuse its discretion in imposing Crawford's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Crawford's multiple violations of supervised release and the need to afford adequate deterrence. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App.· P. 34(a)(2).